Argued June 5, supended for two years June 21, 1961

IN RE COMPLAINT AS TO THE CONDUCT OF
# NATHAN WEINSTEIN
362 P. 2d 762

*Harlow F. Lenon,* Portland, argued the cause and filed a brief for petitioner.

*Thomas J. Moore,* Portland, argued the cause for the Oregon State Bar. With him on the brief was Robert H. Hollister, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

PER CURIAM.

The defendant Nathan Weinstein, an attorney at law, was accused by the Oregon State Bar of wilfully attempting to procure a witness to give false testi-

mony under oath at the trial of a lawsuit. A trial committee found the defendant guilty and recommended that he be suspended from the practice of law for a period of three months. The matter was reviewed by the Board of Governors who adopted the trial committee finding of guilty, but recommend to this court that the defendant be suspended for a period of two years.

It appears that one Stearns was a defendant in an action for damages for personal injuries resulting from an accident in which an automobile owned by Stearns was involved. The plaintiff in the damage action was represented by defendant Weinstein's brother, also an attorney. The two Weinstein brothers practiced separately and Nathan had no apparent interest in the damage action. Stearns operated a service station and tire shop not far from defendant's office and for some years Nathan Weinstein had patronized the service station and Stearns had consulted Weinstein about sundry legal problems in connection with his business. Stearns testified that about a week before the damage action against him was to be tried Nathan Weinstein called at his place of business. After talking about some tires which Weinstein had previously purchased, Weinstein mentioned the approaching trial and, according to Stearns, told him that he would be asked during the trial why he had not called at the hospital to visit the plaintiff who was injured in the automobile accident, and that he should answer the question by saying that he did not visit the plaintiff at the hospital because he had been instructed by his insurance company not to do so.

Weinstein admitted that he had called on Stearns shortly before the trial, that there had been a brief conversation about the trial and the fact that Stearns

was insured, but denied that he had suggested that Stearns testify that he had not visited the injured man because of instructions from his insurance company not to do so.

We have carefully reviewed the record in this cause and approve the findings and recommendation of the Board of Governors. The defendant is suspended from the practice of law for a period of two years.